IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TASHA OLDHAM,
an individual,

        Plaintiff,

vs.

CHAPTERS HEALTH SYSTEMS INC.,
A Florida Not for Profit Corporation; and
COLLEEN FOLSCH, an individual,

        Defendant.

_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

TASHA OLDHAM ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants, CHAPTERS HEALTH SYSTEMS INC., ("Chapters Health"), and COLLEEN FOLSCH ("Folsch") and in support of her claims states as follows:

### NATURE OF ACTION

1. This action is brought pursuant to violations of (1) the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601 *et seq*., (2) Florida's Private Whistleblower's Statute, F.S. §448.102(3) and (3) Defamation.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the authority to grant declaratory relief under the FMLA pursuant to 28 U.S.C. § 2201 *et seq*.

3. The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to the provisions of 28 U.S.C. § 1367.

4. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(b) because all events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

5. At all times relevant, Plaintiff was a resident of Hillsborough County, Florida.

6. At all times relevant, Chapters Health is a Florida non-profit corporation whose principal place of business is in Hillsborough County, Florida.

7. At all times relevant, Plaintiff was an employee of Chapters Health.

8. At all times relevant, Folsch was a manager at Chapters Health.

9. At all times relevant, Folsch had the authority to direct and control the work performance of Plaintiff.

10. At all times relevant, Chapters Health has more than fifty (50) employees.

## FACTUAL ALLEGATIONS

11. Around July 2017, Plaintiff began working for Chapters Health as a Hospice Registered Nurse.

12. From July 2017, to July 22, 2019, Plaintiff had an unblemished employment record at Chapters Health.

### *FMLA Allegations*

13. On or around July 3, 2019, Plaintiff was working on the unit and caring for patients under the direction of Chapters Health.

14. While working on the unit, Plaintiff received a phone call from her supervisor Ms. Pavlova Pradieu. Ms. Pradieu asked Plaintiff to admit a patient for hospice support.

15. Plaintiff was nearing the end of her shift and knew admitting the patient would cause her to work past her shift.

16. It is company policy that nurses receive permission before they work past their shift. Knowing this, Plaintiff asked Ms. Pradieu if there would be a problem if she worked past her shift.

17. Ms. Pradieu stated she would investigate the issue and ended the phone call.

18. Minutes later, Plaintiff received a phone call from her manager, Folsch.

19. Folsch immediately began screaming at Plaintiff regarding shift hours.

20. Without getting a word in, Plaintiff began having heart palpitations, chest tightness, and shortness of breath.

21. Plaintiff then told Folsch that she was feeling ill and could not complete her shift.

22. Plaintiff ended the phone call and immediately checked herself into the emergency room of the hospital where she was working.

23. While in the emergency room, Plaintiff was diagnosed as having suffered an anxiety attack and prescribed anti-anxiety medication.

24. Plaintiff then took FMLA leave due to the anxiety attack she suffered.

25. On or around July 22, 2019, Plaintiff returned to work after FMLA leave.

26. On or around July 22, 2019, Plaintiff was summoned for a meeting with Folsch. This meeting concerned the events that occurred on or around July 3, 2019.

27. During the meeting, Folsch disciplined Plaintiff in the form of a Final Written Warning ("FWW") for not completing her shift, hanging up the phone, and refusing phone calls.

28. Until July 22, 2019, Plaintiff was never written up or disciplined for any work-related performance problems or misconduct.

*Whistleblower Allegations*

29. Sometime after July 22, 2019, but before August 20, 2019, Plaintiff was back on the unit caring for patients.

30. While Plaintiff was caring for patients on the unit, she spoke to Dr. Jacobs, via telephone, seeking guidance to approve a patient for hospice support.

31. The patient had complex medical ailments.

32. During the phone call Dr. Jacobs demanded that Plaintiff, the nurse, provide a medical diagnosis and admit the patient to hospice with complete disregard for the proper procedures.

33. Plaintiff objected to having to give a medical diagnosis and attempted to explain that she could not admit the patient to hospice without following the proper procedures.

34. Sometime that day, Plaintiff contacted the Medical Director regarding the patient's complex situation and Dr. Jacobs' behavior.

35. On or around August 20, 2019, in response to Plaintiff's objection, Chapter's health terminated her employment.

*Defamation Allegations*

36. On or around September 24, 2019, after Plaintiff's termination, Folsch completed an Instructional Reference Form concerning Plaintiff's character, skills, and competency.

37. Folsch made statements that Plaintiff does not exhibit predictable and reliable attendance. However, Plaintiff has never had attendance problems.

38. Folsch made statements that Plaintiff does not partner with communities and schools. However, Plaintiff has 100+ hours of volunteer work within her community and schools.

39. Folsch made these statements during the course of her employment.

## COUNT I – FMLA Interference (Defendant Chapters Health)

40. Plaintiff realleges and readopts the allegations of Paragraphs one (1) through twenty-eight (28) of this Complaint as though fully set forth herein.

41. Plaintiff worked at least 1,250 hours during the previous 12 months of employment with Defendant and was entitled to protection under the FMLA.

42. Defendant employed 50 or more employees within a 75 mile radius within 12 months before it terminated Plaintiff and Defendant was required to comply with the FMLA.

43. Plaintiff complied with all of the notice and due diligence requirements of the FMLA.

44. Plaintiff qualified for FMLA leave since she began suffering from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

45. Chapters Health never gave Plaintiff general or specific notice of her right under the FMLA to take FMLA-qualifying leave on account of her anxiety attack.

46. Chapters Health did not make further inquiry as to whether Plaintiff's absence truly qualified for FMLA leave.

47. Chapters Health failed to cooperate with Plaintiff in her attempt to exercise her FMLA rights, and otherwise interfered with Plaintiff's attempt to exercise her FMLA rights.

48. Chapters Health's actions toward Plaintiff well might have dissuaded a reasonable worker from taking FMLA leave.

49. Chapters Health's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff requests an award of damages for lost wages and benefits, prejudgment interest, liquidated damages, an award of reasonable attorney's fees and costs, and any other such damages as this honorable Court deems just.

## COUNT II – FMLA Retaliation (Defendant Chapters Health)

50. Plaintiff realleges and readopts the allegations of Paragraphs one (1) through twenty-eight (28) of this Complaint, as though fully set forth herein.

51. Plaintiff complied with all of the notice and due diligence requirements of the FMLA.

52. Plaintiff qualified for FMLA leave since she began suffering from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

53. Plaintiff engaged in activity protected by the FMLA when she requested and took leave due to her serious health condition, consistently informing the Defendant of the same.

54. Chapters Health knew, or should have known, that Plaintiff was exercising her rights under the FMLA and was aware of Plaintiff's need for FMLA-protected absence.

55. Chapters Health retaliated by disciplining Plaintiff because Plaintiff engaged in the statutorily protected activity of requesting and taking FMLA leave.

56. Chapters Health further retaliated against Plaintiff with statements to third parties in that Plaintiff does not exhibit predictable and reliable attendance.

57. Chapters Health's retaliation well might have dissuaded a reasonable worker from taking FMLA leave.

58. Chapters Health's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff requests an award of damages for lost wages and benefits, prejudgment interest, liquidated damages, an award of reasonable attorney's fees and costs, and any other such damages as this honorable Court deems just.

### COUNT III – Violation of Florida Private Sector Whistleblower Statute F.S. §448.102(3) (Defendant Chapters Health)

59. Plaintiff realleges and readopts the allegations of Paragraphs one (1) through eleven (11) and Paragraphs twenty-nine (29) through thirty-five (35) of the Complaint as though fully set forth herein.

60. Pursuant to Florida Statutes §448.101, *et seq.*, Chapters Health is liable for taking retaliatory action against Plaintiff because Plaintiff objected to Chapters Health's violation of:

    a. §766.102. ("Medical negligence")

    b. Fla. Admin. Code. R. 64B9-8.005 ("Unprofessional Conduct")

61. Chapter Health's illegal retaliation against Plaintiff was willful, malicious, and taken with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff, respectfully demands judgment against Chapters Health for general damages, special damages, punitive damages, prejudgment interest, reasonable attorneys' fees, and costs of this action, and such other relief as this honorable Court deems just and equitable.

### COUNT IV – Defamation (Defendant Folsch)

62. Plaintiff realleges and readopts the allegations of Paragraphs one (1) through twelve (12) and Paragraphs thirty-six (36) through thirty-nine (39) of the Complaint as though fully set forth herein.

63. Folsch negligently, maliciously, and with ill will, published false and defamatory written statements and implications concerning Plaintiff to third parties.

64. The published statements are not protected by any privilege.

65. The statements made by Folsch tended to injure Plaintiff in her business, reputation, employment, or occupation.

66. As a direct, proximate, and foreseeable result of Folsch's actions, an offer of employment was not extended to Plaintiff.

67. As a direct, proximate, and foreseeable result of Folsch's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

   **WHEREFORE**, Plaintiff, respectfully demands judgment against Folsch for general damages, special damages, punitive damages, prejudgment interest, reasonable attorneys' fees, and costs of this action, and such other relief as this honorable Court deems just and equitable.

## COUNT V – Defamation (Defendant Chapters Health)

68. Plaintiff realleges and readopts the allegations of Paragraphs one (1) through twelve (12), Paragraphs thirty-six (36) through thirty-nine (39) of the Complaint, as though fully set forth herein.

69. As a direct, proximate and foreseeable result of Chapters Health's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

   **WHEREFORE**, Plaintiff, respectfully demands judgment against Chapters Health for general damages, special damages, punitive damages, prejudgment interest, reasonable attorneys' fees, costs of this action, and such other relief as this honorable Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury for all issues so triable.

Dated: July 20, 2019.

                Respectfully submitted,

                */s/ Deron T. Roberson Jr.*_____
                DERON T. ROBERSON, JR.
                Florida Bar Number 1011941
                AARON C. ROBERSON
                Florida Bar Number 1018139
                ROBERSON & ROBERSON P.A.
                Email:  d.roberson@robersonemploymentlaw.com;
                Info@robersonemploymentlaw.com
                16057 Tampa Palms Blvd W. #231
                Tampa, Florida 33602
                Phone:  813.808.3688
                Attorneys for Plaintiff